IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CARLOS ANTONIO MONTGOMERY,
    *Pro se* Plaintiff,

v.                                                           Civil No. 3:20cv399 (DJN)

VIRGINIA DEPARTMENT
OF SOCIAL SERVICES,
    Defendant.

**MEMORANDUM OPINION**

Plaintiff Carlos Antonio Montgomery ("Plaintiff"), proceeding *pro se*, brings this action against the Virginia Department of Social Services ("Defendant"). Although Plaintiff's Complaint proves largely indiscernible, it appears to seek relief from Defendant's enforcement of child support obligations against Plaintiff. This matter comes before the Court on Defendant's Motion to Dismiss (ECF No. 12), moving to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 12) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1).

**I.    BACKGROUND**

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or, may,

as here, attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). In resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will accept Plaintiff's well-pleaded factual allegations as true, though the Court need not accept Plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Based on these standards, the Court accepts the following facts.

### A. Facts Alleged

Plaintiff's Complaint lacks specific factual allegations supporting a claim for relief. Instead, Plaintiff merely asserts that he seeks relief from a "fraudulent contract" that Defendant "had [him] sign" "to enforce fraudulent debt and interest." (Compl. (ECF No. 1) at 6.) Plaintiff avers that "the State" induced him to sign a contract by telling him to "sign[ ] this agreement and we will see how it goes in the next 6 months or so." (Compl. at 9.) The Complaint then goes on to indulge in a winding recitation of various wrongs that Defendant allegedly committed. Specifically, Plaintiff cites to violations of the Fair Credit Reporting Act, federal regulations regarding cooperative arrangements, the Federal Deficit Reduction Act, "18" U.S.C. § 1983, his "status as man" as defined in the Book of Genesis 1:26, 18 U.S.C. § 241, and a panoply of other provisions and sources of law. (Compl. at 7-23.) Based on these alleged violations, Plaintiff asks for — among other things — the removal of his name from a database for delinquent child support payments, a refund of all monies paid to Defendant and $200,000 in damages for "injury, oppression, fraud, etc." (Compl. at 22-23.)

### B. Defendant's Motion to Dismiss

On July 15, 2020, Defendant filed its Motion to Dismiss (ECF No. 12), moving to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of

Civil Procedure 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). In support of its Motion, Defendant argues that the Virginia Department of Social Services has not waived its sovereign immunity as to Plaintiff's claims. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Gov't Mem.") (ECF No. 13) at 4-8.) Specifically, Defendant contends that it constitutes an arm of the state and therefore enjoys Eleventh Amendment sovereign immunity. (Gov't Mem. at 5.)

Finally, should the Court decide that it may exercise jurisdiction over Plaintiff's claims, Defendant argues that Plaintiff's Complaint does not allege sufficient facts to state a plausible claim for relief. (Gov't Mem. at 6-8.) In short, Defendant argues that the Complaint "does not allege any facts at all" aside from the allegations relating to the "State" making fraudulent representations to Plaintiff that induced him to enter into a contract. (Gov't Mem. at 6-8.)

Although Plaintiff did not respond to Defendant's Motion to Dismiss within the time allowed, Plaintiff anticipated the sovereign immunity argument in his Complaint. Specifically, Plaintiff argued that "once the United States waives immunity and does business with its citizens, it does so much as a party never cloaked with immunity." (Compl. at 10.)

With no other response from Plaintiff, Defendant's Motion is now ripe for review.

## II. STANDARD OF REVIEW

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or, may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). In either case, the plaintiff bears the burden of proof to establish jurisdiction.

3

*Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court will accept a plaintiff's well-pleaded allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. And the facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761,

4

765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

### III. ANALYSIS

Because Defendant's jurisdictional challenge determines the Court's authority to consider the merits of Plaintiff's claims, the Court will address that challenge first. *See Docs Billing Sols., LLC v. GENETWORx LLC*, 2018 WL 4390786, at *2 (E.D. Va. Aug. 30, 2018) (noting that jurisdictional challenges — in that case, a motion to remand pursuant to a forum selection clause — should take precedence over other motions (citing *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018)). Only if the Court can exercise subject matter jurisdiction over Plaintiff's claims will the Court consider Defendant's 12(b)(6) arguments.[1]

Under the Eleventh Amendment, an unconsenting State generally enjoys immunity from suits brought in federal courts by the State's own citizens, or by citizens of another State. *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 248-49 (4th Cir. 2012). This same immunity extends to state agents and instrumentalities. *Id.* Yet, three exceptions exist for when a State will not enjoy Eleventh Amendment immunity, namely when: (1) Congress abrogates the States' immunity pursuant to a valid grant of constitutional authority; (2) a plaintiff sues for prospective injunctive relief against state officials acting in violation of federal law; and, (3) the State waives its own immunity. *Id.*

With respect to whether Defendant enjoys Eleventh Amendment immunity by virtue of its status as an arm of the state, courts in this district have already decided this exact question.

---

[1] The Court observes that the Fourth Circuit has not yet decided whether courts should address Eleventh Amendment immunity under Rule 12(b)(1) or 12(b)(6). *Andrews v. Taylor*, 2018 WL 2108022, at *4 (E.D. Va. May 7, 2018). Because resolution of the issue has no practical effect on this case, the Court follows the trend in this district of deciding Eleventh Amendment immunity under Rule 12(b)(1). *Id.*

5

Indeed, courts in this district and in the Western District of Virginia have consistently held that Defendant constitutes an instrumentality of the state and thus retains Eleventh Amendment immunity. *See, e.g., Andrews v. Taylor*, 2018 WL 2108022, at *7 (E.D. Va. May 7, 2018); *Terry of the Family Parks v. Commonwealth of Va. Dep't of Soc. Servs. Child Support Enforcement Servs.*, 2016 WL 4384343, at *3 (E.D. Va. Aug. 17, 2016); *Krieger v. Loudoun Cty., Dep't of Soc. Servs.*, 2014 WL 4923904, at *3 (W.D. Va. Sept. 30, 2014); *Bd. of Supervisors of Warren Cty. v. Va. Dep't of Social Servs.*, 731 F. Supp. 735, 738 (W.D. Va. 1990). Accordingly, this Court also finds that Defendant — as an instrumentality of the state — enjoys Eleventh Amendment immunity.

As such, Defendant retains its Eleventh Amendment immunity unless one of the three exceptions discussed above apply. The Court's review of the relevant law reveals that none of the exceptions operate here. First, Congress has not abrogated Eleventh Amendment immunity as to any of the causes of action that Plaintiff could arguably raise. *See Terry of the Family Parks*, 2016 WL 4384343, at *4 (holding that Congress has not abrogated Eleventh Amendment immunity with respect to § 1983 suits). Second, Plaintiff has not sued any state officials for prospective injunctive relief. And finally, the Court finds no evidence that Virginia has waived its sovereign immunity in this context. *Id.*

Although Plaintiff did not respond to Defendant's motion to dismiss, he anticipated the sovereign immunity argument in his Complaint. (Compl. at 10.) Relying on *Clearfield Trust Co. v. United States*, Plaintiff argues that "once the United States waives immunity and does business with its citizens, it does so much as a party never cloaked with immunity." (Compl. at 10 (citing *Clearfield Trust Co.*, 318 U.S. 363, 369 (1943)).) In *Clearfield Trust Co.*, the Supreme Court permitted the United States to bring suit to recover money that the United States had paid

the defendant upon the defendant's presentation of a forged check. 318 U.S. at 369-70. The crux of the case was the Supreme Court's decision to apply federal common law — as opposed to state law — in deciding that the United States may act as any other drawee in pursuing a commercial paper claim. *Id.* at 366-70. *Clearfield Trust Co.* therefore proves inapposite to whether a private citizen may sue a state government in federal court. Indeed, it had nothing to do with state governments whatsoever.

Accordingly, the Court finds that Defendant enjoys sovereign immunity, and that no exception to that immunity applies here. Because the Court dismisses the case for want of subject matter jurisdiction, the Court need not address Defendant's Rule 12(b)(6) argument.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 12) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1).

Let the Clerk file a copy of this Memorandum Opinion electronically, forward a copy to *pro se* Plaintiff at his address of record and notify all counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: September 25, 2020